1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

8

9

10

11

12

GRACE ALBANESE,

                       Plaintiff,

     v.

REGIONAL TRANSPORTATION
COMMISSION OF SOUTHERN NEVDA,

                     Defendant.

Case No. 2:16-cv-01882-APG-PAL

**ORDER**

(IFP Application – ECF No. 1)

13    This matter is before the court on Plaintiff Grace Albanese's Application to Proceed *In*

14 *Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of

15 Practice. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and

16 LR IB 1-3 of the Local Rules of Practice.

17    **I.    IN FORMA PAUPERIS APPLICATION**

18    Ms. Albanese is proceeding in this action *pro se*, which means that she is not represented

19 by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is

20 unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma*

21 *pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. Here, Albanese has

22 requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that

23 she is unable to prepay fees and costs or give security for them. Accordingly, her request to

24 proceed IFP will be granted and the court will review the complaint (ECF No. 1-1).

25    **II.    SCREENING THE COMPLAINT**

26    Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive

27 pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all

28 in forma pauperis complaints"). If the court determines that the complaint states a valid claim for

1  relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the

2  plaintiff must then serve the summons and complaint within 90 days.  *See* Fed. R. Civ. P. 4(m).  If

3  the court determines that the complaint fails to state an actionable claim, the complaint is dismissed

4  and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading

5  deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

6  cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

7        Allegations in a *pro se* complaint are held to less stringent standards than formal pleading

8  drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338,

9  342 n.7 (9th Cir. 2010).  However, *pro se* litigants "should not be treated more favorably than

10  parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather,

11  they must follow the same rules of procedure that govern other litigants.  *Ghazali v. Moran*, 46

12  F.3d 52, 54 (9th Cir. 1995).

13        **A.  Ms. Albanese's Factual Allegations and Claims for Relief**

14        The complaint names the Regional Transportation Commission of Southern Nevada

15  ("RTC") as the defendant and states that this action is based on a violation of Title VI's anti-

16  discrimination law.  Ms. Albanese alleges that on August 5, 2016, a bus driver told her to go to a

17  different bus stop and board a different bus.  The bus driver refused to allow her to board the bus

18  and yelled at her.  The bus driver was very angry that Albanese did not want to comply with those

19  instructions.  Albanese exited the bus and boarded another bus at a different bus stop.  Ms.

20  Albanese states that she suffered a humiliating sense of rejection and demands one million dollars

21  for her psychological damage.

22        For the reasons discussed below, the court finds that the complaint fails to state a claim

23  upon which relief can be granted.

24        **B.  Legal Standard**

25        Federal courts are required to dismiss an IFP action if the complaint fails to state a claim

26  upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief

27  from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The standard for

28  determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915

1    is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure

2    to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may

3    dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.

4    R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N.*

5    *Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

6        A properly pled complaint must provide "a short and plain statement of the claim showing

7    that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*,

8    550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all

9    civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008).

10   Although Rule 8 does not require detailed factual allegations, it demands "more than labels and

11   conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*,

12   556 U.S. 662, 678 (2009) (citation omitted). This requires a plaintiff to state "enough facts to raise

13   a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso,*

14   *United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)

15   (quoting *Twombly*, 550 U.S. at 556). Mere recitals of the elements of a cause of action supported

16   only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must

17   contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

18   party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where the

19   claims in the complaint have not crossed the line from plausible to conceivable, the complaint

20   should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must

21   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

22   be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

23       **C. Analysis**

24       Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d–2000d-7 ("Title VI"),

25   provides that "no person in the United States shall, on the ground of race, color, or national origin,

26   be excluded from participation in, be denied the benefits of, or be subjected to discrimination under

27   any program or activity receiving Federal financial assistance." *Id*. § 2000d. This statute creates

28

---

[1] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

a private cause of action for claims of intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). To state a claim under Title VI, a plaintiff must allege that the entity involved is: (1) engaging in discrimination on a prohibited ground; and (2) receiving federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). Although a Title VI plaintiff "must prove intent at trial, it need not be pled in the complaint." *Id.* Dismissal of a Title VI claim is appropriate where a plaintiff fails to allege facts indicating that a prohibited basis, *e.g.*, racial bias, motivated a defendant's action. *See Joseph v. Boise State Univ.*, 998 F. Supp. 2d 928, 944 (D. Idaho 2014), *aff'd*, 667 F. App'x 241 (9th Cir. 2016).

Here, Ms. Albanese's allegations of discrimination against the RTC are conclusory and insufficient to state the requisite plausible claim for relief. She does not allege membership in a protected class such as race, color, or national origin. She does not allege facts indicating that the RTC discriminated against her on a prohibited basis, such as racial bias. *See id.* Rather, the complaint alleges that the bus driver, not the RTC, was "very angry at [Ms. Albanese] for not wanting to get off her bus and find a different bus." Compl. at 1. In addition, Ms. Albanese does not allege that the RTC is an entity receiving federal funding. The complaint therefore fails to state a colorable Title VI claim and Ms. Albanese will be given leave to amend.

### III.    AMENDING THE CLAIMS AND ALLEGATIONS

If Ms. Albanese chooses to file an amended complaint, she must do so by **August 18, 2017**. The Clerk of the Court will be directed to mail Ms. Albanese a blank civil complaint.[2] Although a form complaint cannot cover every type of civil action, it does highlight certain types of information that is useful to the court for screening purposes and may aid plaintiffs in stating a colorable claim. The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim she has showing she is entitled to relief; and (3) a demand for the relief she seeks. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v.*

---

[2] The Complaint for a Civil Case, Pro Se Form 1, is also available for download on the United States Courts' website at uscourts.gov/forms/pro-se-forms/complaint-civil-case.

1   *Sorema N.A.*, 534 U.S. 506, 514 (2002).  This means that Ms. Albanese should avoid legal jargon

2   and conclusions.  Instead, she should summarize the information they believe to be relevant in

3   their own words for each claim asserted in the amended complaint.  *Iqbal*, 556 U.S. at 678.

4          Ms. Albanese is advised to support each of her claims with factual allegations because all

5   complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable

6   the opposing party to defend itself effectively."  *Starr*, 652 F.3d at 1216.  When claims are alleged

7   against multiple defendants, the complaint should clearly indicate which claims apply to which

8   defendant.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).  Albanese should specifically

9   identify each defendant to the best of her ability, clarify what constitutional right she believes each

10  defendant has violated and support each claim with factual allegations about each defendant's

11  actions.  Where multiple claims are alleged, the complaint should identify which factual allegations

12  give rise to each particular claim.  *McHenry*, 84 F.3d at 1178.

13         Ms. Albanese is also informed that the court cannot refer to a prior pleading (*i.e.*, the

14  original complaint) in order to make the amended complaint complete.  Local Rule 15-1 requires

15  that an amended complaint be complete in itself without reference to any prior pleading.  *See* LR

16  15-1(a).  This is because, as a general rule, an amended complaint supersedes the original

17  complaint.  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Once a

18  plaintiff files an amended complaint, the original pleading no longer serves any function in the

19  case.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, in an amended

20  complaint, as in an original complaint, each claim and the involvement of each defendant must be

21  sufficiently alleged.

22         Based on the foregoing,

23         **IT IS ORDERED**:

24         1.  Plaintiff Grace Albanese's Application to Proceed *In Forma Pauperis* (ECF No. 1) is

25             **GRANTED**.  She is not required to pre-pay the $400 filing fee.

26         2.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance

27             or service of subpoenas at government expense.

28  / / /

5

3. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-1) but ***SHALL NOT*** issue summons.

4. Ms. Albanese's Complaint is DISMISSED with leave to file an amended complaint by **August 21, 2017**, if she believes she can correct the noted deficiencies.

5. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Ms. Albanese shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Complaint for a Civil Case" on the first page and write 2:16-cv-01822-APG-PAL in the space for "Case No."

7. Ms. Albanese's failure to comply with this Order by submitting an amended complaint before the **August 21, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 24th day of July, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

6