1

2

3

4                              UNITED STATES DISTRICT COURT

5                                  DISTRICT OF NEVADA

6                                          * * *

7    GRACE ALBANESE,                                   Case No. 2:16-cv-01882-APG-PAL

8                              Plaintiff,

9        v.                                            **REPORT OF FINDINGS AND
                                                       RECOMMENDATION**
10   REGIONAL TRANSPORTATION
     COMMISSION OF SOUTHERN NEVDA,                     (2nd Am. Compl. – ECF No. 8)

11
                               Defendant.
12

13          This matter is before the court for a screening of pro se Plaintiff Grace Albanese's Second

14   Amended Complaint (ECF No. 8) pursuant to 28 U.S.C. § 1915.  This screening is referred to the

15   undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

16   **I.      SCREENING THE COMPLAINT**

17          Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive

18   pleading.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all

19   in forma pauperis complaints").  If the court determines a complaint states a valid claim for relief,

20   the court will direct the Clerk of Court to issue summons to the defendant(s) and the plaintiff must

21   then serve the summons and complaint within 90 days.  *See* Fed. R. Civ. P. 4(m).  If the court

22   determines that the complaint fails to state an actionable claim, the complaint is dismissed and the

23   plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies,

24   unless it is clear from the face of the complaint that the deficiencies could not be cured by

25   amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

26          Allegations in a *pro se* complaint are held to less stringent standards than formal pleading

27   drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338,

28   342 n.7 (9th Cir. 2010).  However, *pro se* litigants "should not be treated more favorably than

                                                   1

1  parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather,

2  they must follow the same rules of procedure that govern other litigants.  *Ghazali v. Moran*, 46

3  F.3d 52, 54 (9th Cir. 1995).

### A. Ms. Albanese's Factual Allegations and Claims for Relief

The Second Amended Complaint (ECF No. 8) names as defendants the Regional Transportation Commission of Southern Nevada and a "bus driver."  Ms. Albanese alleges that her right to ride the bus was denied.  She states that she forgot the approximate time and date of the events; however, a bus driver refused to allow her to board the bus and take her to her destination.  Albanese expressly alleges that the bus driver "discriminated against me not on race, gender, etc. but because of what someone told her about me in the past on one of her other routes." *Id.* at 8.  Ms. Albanese demands $500,000 for the violation of her civil rights and to be allowed to ride the bus without discrimination.

For the reasons discussed below, the court finds that the Second Amended Complaint fails to cure the deficiencies noted in the prior Screening Order (ECF No. 3).  Thus, dismissal is recommended.

### B. Legal Standard

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing

---

[1] Any reference to a "Rule" or the "Rules" in this Report of Findings and Recommendation refer to the Federal Rules of Civil Procedure.

2

1    that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*,

2    550 U.S. 544, 555 (2007).  The simplified pleading standard set forth in Rule 8(a) applies to all

3    civil actions with limited exceptions.  *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008).

4    Although Rule 8 does not require detailed factual allegations, it demands "more than labels and

5    conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*,

6    556 U.S. 662, 678 (2009) (citation omitted).  This requires a plaintiff to state "enough facts to raise

7    a reasonable expectation that discovery will reveal evidence" of the allegations charged.  *Cafasso,*

8    *United States ex rel. v. General Dynamics C4 Systems, Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011)

9    (quoting *Twombly*, 550 U.S. at 556).  Mere recitals of the elements of a cause of action supported

10    only by conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 679–80.  A complaint "must

11    contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

12    party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Where the

13    claims in the complaint have not crossed the line from plausible to conceivable, the complaint

14    should be dismissed.  *Twombly*, 550 U.S. at 570.  Stated differently, the factual allegations "must

15    plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

16    be subjected to the expense of discovery and continued litigation."  *Starr*, 652 F.3d at 1216.

17        **C.  Analysis**

18        Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d–2000d-7 ("Title VI"),

19    provides that "no person in the United States shall, on the ground of race, color, or national origin,

20    be excluded from participation in, be denied the benefits of, or be subjected to discrimination under

21    any program or activity receiving Federal financial assistance."  *Id*. § 2000d.  This statute creates

22    a private cause of action for claims of intentional discrimination.  *Alexander v. Sandoval*, 532 U.S.

23    275, 279 (2001).  To state a claim under Title VI, a plaintiff must allege that the entity involved

24    is: (1) engaging in discrimination on a prohibited ground; and (2) receiving federal financial

25    assistance.  *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled*

26    *on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

27    Although a Title VI plaintiff "must prove intent at trial, it need not be pled in the complaint."  *Id*.

28    Dismissal of a Title VI claim is appropriate where a plaintiff fails to allege facts indicating that a

1  prohibited basis, *e.g.*, racial bias, motivated a defendant's action.  *See Joseph v. Boise State Univ.*,

2  998 F. Supp. 2d 928, 944 (D. Idaho 2014), *aff'd*, 667 F. App'x 241 (9th Cir. 2016).

3  Here, the court granted Ms. Albanese leave to amend, but instead of curing the deficiencies

4  of her initial Complaint, she essentially reiterated the same allegations.  The Second Amended

5  Complaint (ECF No. 8) contains conclusory allegations of discrimination and are insufficient to

6  state an actionable claim for relief.  Albanese does not allege facts indicating that defendants

7  discriminated against her on a prohibited basis, such as racial bias.  She does not allege

8  membership in a protected class such as race, color, or national origin.  In fact, Albanese expressly

9  alleges that the bus driver discriminated against her "*not on race, gender, etc*. but because of what

10  someone told [the bus driver]" about Albanese on one of her other routes.  *Id.* at 8 (emphasis

11  added).  Moreover, Albanese again failed to allege that any defendant receives federal funding.

12  The Second Amended Complaint therefore fails to state a colorable Title VI claim.

13  A plaintiff who is granted leave to cure pleading deficiencies but fails to do so can be

14  subject to dismissal without leave to amend yet again.  *Leadsinger, Inc. v. BMG Music Publ'g*,

15  512 F.3d 522, 532 (9th Cir. 2008).  The Ninth Circuit has held it is reasonable for a district court

16  to conclude that a plaintiff "simply *cannot* state a claim" when he "knowingly and repeatedly

17  refuses to conform his pleadings to the requirements of the Federal Rules."  *Knapp v. Hogan*, 738

18  F.3d 1106, 1110 (9th Cir. 2013) (quoting *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)).

19  Because Albanese has amended her pleadings two times but still has not provided a short and plain

20  statement of her claims, the court concludes that any further amendment would be consistent with

21  the deficient allegations repeated in Albanese's prior complaints, which indicate that additional

22  amendment would be futile.  The court therefore recommends dismissal with prejudice.

23  Based on the foregoing,

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4

1    **IT IS RECOMMENDED** that:

2    1.  Plaintiff Grace Albanese's Second Amended Complaint (ECF No. 8) be **DISMISSED**

3        **with prejudice** for failure to state a claim upon which relief may be granted.

4    2.  The Clerk of Court be directed to close this case and enter judgment.

5        Dated this 14th day of January, 2019.

6

7                                        PEGGY A. LEEN
                                         UNITED STATES MAGISTRATE JUDGE
8

9                              **NOTICE**

10        This Report of Findings and Recommendation is submitted to the assigned district judge

11   pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for

12   the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the

13   district court's judgment.  *See* Fed. R. App. P. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules

14   of Practice, any party wishing to object to a magistrate judge's findings and recommendations of

15   shall file and serve *specific written objections*, together with points and authorities in support of

16   those objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R.

17   Civ. P. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of

18   Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The

19   parties are advised that failure to file objections within the specified time may result in the district

20   court's acceptance of this Report of Findings and Recommendation without further review.  *United*

21   *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely

22   objections to any factual determinations by a magistrate judge may be considered a waiver of a

23   party's right to appellate review of the findings of fact in an order or judgment entered pursuant to

24   the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P.

25   72.

26

27

28

                                        5